UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
TODD C. BANK, individually and on behalf of all
others similarly situated,

                              Plaintiff,

           v.

DIMENSION SERVICE CORPORATION,

                              Defendant.
----------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**

23-CV-2467
(Donnelly, J.)
(Marutollo, M.J.)

**JOSEPH A. MARUTOLLO, United States Magistrate Judge:**

      Plaintiff Todd C. Bank brings this action against Defendant Dimension Service Corporation for an alleged violation of the Telephone Consumer Protection Act, 47 U.S.C § 227 ("TCPA"). *See* Dkt. No. 1.

      On December 18, 2023, the Court certified the close of discovery in this action. *See* Order, dated December 18, 2023. On December 26, 2023, Defendant filed a Second Amended Answer.[1] *See* Dkt. No. 25. In the Second Amended Answer, Defendant asserts twenty-four affirmative defenses in response to Plaintiff's allegations in the Complaint. *See id.*; *see also* Dkt. No. 27. On the same date, Plaintiff filed a motion to strike portions of Defendant's Second Amended Answer—namely, Defendant's Fifth, Eleventh, Thirteenth, Fourteenth, and Sixteenth Affirmative Defenses. *See* Dkt. No. 26 ("Plaintiff's Motion").[2] On December 27, 2023, Defendant filed its

---

[1] In Defendant's Second Amended Answer, Defendant notes that the Second Amended Answer was "[f]iled with written email consent of Plaintiff." Dkt. No. 25. Plaintiff does not object to the filing of the Second Amended Answer and the Court therefore does not address the timing of Defendant's Second Amended Answer herein.

[2] Plaintiff previously moved to strike Defendant's First Amended Answer. *See* Dkt. Nos. 12-15. Then-United States Magistrate Judge Ramon E. Reyes, Jr., denied this motion to strike, as the motion was "not in conformity with [Judge Reyes's] motion and individual practice rules, which require a request for

opposition to Plaintiff's Motion. *See* Dkt. No. 27. Also on December 27, 2023, the Honorable Ann M. Donnelly, United States District Judge, referred Plaintiff's Motion to the undersigned. On December 28, 2023, Plaintiff filed a reply in further support of Plaintiff's Motion. *See* Dkt. No. 29.

For the reasons set forth below, the Court respectfully recommends that Plaintiff's Motion be **GRANTED in part** and **DENIED in part**.[3]

I.   **Standard of Review**

"A motion to strike an affirmative defense is governed by Federal Rule of Civil Procedure 12(f), which provides that a court may 'strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *Trott v. Deutsche Bank AG*, No. 20-CV-10299 (MKV), 2023 WL 6386899, at *3 (S.D.N.Y. Sept. 28, 2023) (quoting Fed. R. Civ. P. 12(f)). "Whether to strike a party's affirmative defense is within the district court's discretion." *Trott*, 2023 WL 6386899, at *3 (citing *GEOMC Co., Ltd. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019).

---

a pre-motion conference to be filed first." Judge Reyes added that "[a]ny motions to strike will be handled after the close of discovery." Order, dated June 16, 2023.

[3] In an abundance of caution, this Court issues a Report and Recommendation herein, rather than order. When motions to strike affirmative defenses are referred to magistrate judges in this district, reports and recommendations are typically issued thereafter. *See, e.g., Equal Emp. Opportunity Comm'n v. AZ Metro Distributors*, LLC, 272 F. Supp. 3d 336 (E.D.N.Y. Aug. 9, 2017) (adopting report and recommendation regarding motion to strike affirmative defenses); *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125 (E.D.N.Y. 2015) (same); *U.S. Equal Emp. Opportunity Comm'n v. A & F Fire Prot. Co.*, No. 17-CV-4745 (DRH) (ARL), 2018 WL 7252950 (E.D.N.Y. Dec. 13, 2018), *report and recommendation adopted*, 2019 WL 482201 (E.D.N.Y. Feb. 7, 2019) (same); *Friedman v. Geico Gen. Ins. Co.*, No. 14-CV-00537 (AMD) (MDG), 2017 WL 10109879, at *2 (E.D.N.Y. Jan. 13, 2017) (same); *but see Bennett v. TDY Industries, LLC*, No. 17-CV-1330 (JLS) (HKS), 2023 WL 8438730, at *1 (W.D.N.Y. Sept. 7, 2023), *report and recommendation adopted*, 2023 WL 7384407, at *2 (W.D.N.Y. Nov. 8, 2023) ("Because this Court is denying the motion to strike, the motion is not dispositive, and may be ruled on directly.") (citations omitted).

"Motions to strike are generally disfavored and will not be granted 'unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense.'" *Kelly v. 21 Grp. Inc.*, No. 22-CV-0226 (MKB), 2023 WL 5831131, at *3 (E.D.N.Y. Sept. 8, 2023) (citations omitted); *see also State of New York v. United Parcel Serv., Inc.*, 160 F. Supp. 3d 629, 637 (S.D.N.Y. 2016) ("Motions to strike are generally disfavored.") (quoting *Mayfield v. Asta Funding, Inc.*, 95 F. Supp. 3d 685, 696 (S.D.N.Y. 2015)); *Walters v. Performant Recovery, Inc.*, 124 F. Supp. 3d 75, 78 (D. Conn. 2015) ("Motions to strike are generally disfavored, but are within the district court's sound discretion.") (quoting *Lamoureux v. AnazaoHealth Corp.*, 250 F.R.D. 100, 102 (D. Conn. 2008)).

The Second Circuit has made clear that "the plausibility standard of *Twombly* applies to determining the sufficiency of all pleadings, including the pleading of an affirmative defense, but with recognition that, as the Supreme Court explained in *Iqbal*, applying the plausibility standard to any pleading is a 'context-specific' task." *GEOMC*, 918 F.3d at 98 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). An affirmative defense is improper and should be stricken "if it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims." *GEOMC*, 918 F.3d at 98.

Additionally, the Second Circuit has generally endorsed the view that "[e]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." *Kelly*, 2023 WL 5831131, at *4 (citations omitted); *see also Perm-Star Ins. Co. v. FPM Realty LLC*, No. 21-CV-975 (EK) (CLP), 2022 WL 1085320, at *2 (E.D.N.Y. Feb. 24, 2022), *report and recommendation adopted as modified*, 2022 WL 969727 (E.D.N.Y. Mar. 31, 2022) (same).

## II.  Defendant's Fifth Affirmative Defense

Defendant's Second Amended Answer alleges, as a Fifth Affirmative Defense, that "[t]o the extent that Plaintiff seeks actual damages, such claims for actual damages are barred because Plaintiff failed to mitigate, limit, or avoid his alleged damages."  Dkt. No. 25, at 7.  Defendant adds that it should be "entitled to have sums to which Plaintiff may be entitled, if any, reduced by the amount Plaintiff could reasonably have been able to mitigate, minimize, or avoid those alleged actual damages."  *Id.*

Plaintiff seeks to have Defendant's Fifth Affirmative Defense stricken because, according to Plaintiff, the Complaint seeks "statutory damages only."  Dkt. No. 26, at 1.  In its opposition to Plaintiff's Motion, Defendant argues that "there has been no definitive waiver of actual damages or clear election of statutory damages by [Plaintiff] at this early stage"—which should favor denial of Plaintiff's Motion.  Dkt No. 27, at 1-2.  In his reply in further support of Plaintiff's Motion, Plaintiff argues that "affirmative defenses, like an answer in general, [are] to be directed at the operating Complaint, not a *potential* amended complaint; and, because the operating Complaint clearly seeks *statutory damages only*."  Dkt. No. 29, at 1 (emphasis in original).

In the Complaint, Plaintiff lists three prayers for relief:

> (a) Pursuant to 47 U.S.C. Section 227(b)(3)(A), an order enjoining Defendant from violating 47 U.S.C. Section 227(b)(1);
> (b) Pursuant to 47 U.S.C. Section 227(b)(3)(B), statutory damages of $500 per violation of 47 U.S.C. Section 227(b)(1) for Plaintiff and the other Class Members; and
> (c) Pursuant to 47 U.S.C. Section 227(b)(3)(C), up to $1,000 of statutory damages for Plaintiff and the other Class Members, in addition to the statutory damages prayed for in the preceding paragraph, if the Court finds that Defendant knowingly or willfully violated 47 U.S.C.

Dkt. No. 1 at 7.  The plain text of Section 227(b)(3)(B) allows Plaintiff to bring "an action to recover for actual monetary loss from such violation, *or* to receive $500 in damages from each

4

such violation, whichever is greater." 47 U.S.C.A. § 227 (b)(3)(B) (emphasis added); *see also Jenkins v. Nat'l Grid USA*, No. 15-CV-1219 (JS) (GRB), 2017 WL 1208445, at *5 (E.D.N.Y. Mar. 31, 2017).

Plaintiff elected to solely recover statutory damages under the relevant provisions. *Cf. Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharms., Inc*., 847 F.3d 92, 102 n.7 (2d Cir. 2017) (noting, in a concurrence, that "[o]ne can well surmise [] that because the statute generally offers plaintiffs a maximum award of $500 in statutory damages, the statute's efficacy in controlling nuisance faxes would be nullified if a plaintiff needed to spend thousands of dollars in discovery litigation to win a much smaller award."). Therefore, Defendant's Fifth Affirmative Defense is immaterial to this action as the Complaint only seeks statutory damages and did not allege actual damages. *See Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 260 (W.D.N.Y. 2012) (striking affirmative defense where "[plaintiff] seeks only statutory damages, and did not allege actual damages, yet affirmative defense number three denies that [plaintiff] suffered actual damages"); *cf. Petroci v. Transworld Sys., Inc.*, No. 12-CV-0072, 2012 WL 5464597, at *4 (W.D.N.Y. Oct. 19, 2012), *report and recommendation adopted*, (W.D.N.Y. Nov. 8, 2012) (finding that while there can be no mitigation defense where the claim is only for statutory damages, the affirmative defense was proper as the plaintiff clearly sought both statutory and actual damages).

Moreover, as explained in his reply in further support of Plaintiff's Motion, Plaintiff has reiterated that the Complaint seeks "*statutory damages only*." Dkt. No. 29, at 1 (emphasis in original). At bottom, Plaintiff cannot now attempt to argue that he is seeking actual damages, thereby rendering any affirmative defense regarding actual damages moot.

5

In light of the legal standard set forth above, there is no factual underpinning supporting Defendant's Fifth Affirmative Defense. *See Perm-Star Ins. Co.*, 2022 WL 1085320, at *2. The Court respectfully recommends that Plaintiff's Motion to Strike the Fifth Affirmative Defense be **GRANTED**.

### III.  Defendant's Eleventh Affirmative Defense

Defendant, in its Eleventh Affirmative Defense, asserts that:

> Plaintiff's claims are barred by the Doctrines of Unclean Hands, Waiver, and/or Estoppel because Plaintiff falsely and improperly provided his credit card for payment of the subject automotive warranty knowing he intended to cancel such transactions after eliciting the issuance of the subject automotive warranty. Plaintiff also opted in to receive the phone call that is the subject of the Complaint. Plaintiff's actions described herein were intentional and unethical.

Dkt. No. 25, at 8. Plaintiff's Motion asserts that (i) the Doctrines of Unclean Hands, Waiver, and/or Estoppel does not apply herein and that (ii) he was entitled to take the purported actions. Dkt. No. 26, at 1-2. In its opposition, Defendant asserts that this defense is based on "[Plaintiff's] express consent" and asserts that the defense of unclean hands may be asserted in a TCPA case. Dkt. No. 27, at 2. In his reply, Plaintiff again argues that this affirmative defense should be stricken. *See* Dkt. No. 28, at 1.

The doctrine of unclean hands allows a court to deny relief to a party which has entered litigation in bad faith. *See Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 243 (1933). "The 'unclean hands' doctrine 'closes the door of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief, however improper may have been the behavior of the defendant.'" *ABF Freight Sys., Inc. v. NLRB*, 510 U.S. 317, 329-30 (1994) (quoting *Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814 (1945)). "The burden of proof on this claim rests with the party invoking the defense." *LPD New*

*York, LLC v. Adidas Am., Inc.*, No. 15-CV-6360 (MKB), 2022 WL 4450999, at *24 (E.D.N.Y. Sept. 24, 2022).  In a motion to strike an affirmative defense, the party bearing the burden must provide evidence to support a claim that the litigation at issue was initiated in bad faith.  *Id.*

Here, Defendant alleges that "Plaintiff falsely and improperly provided his credit card for payment of the subject automotive warranty knowing he intended to cancel such transactions after eliciting the issuance of the subject automotive warranty."  Dkt. No. 25, at 8.  Defendant adds that Plaintiff "opted in to receive the phone call that is the subject of the Complaint."  *Id.*  Defendant has therefore adequately alleged that Plaintiff is engaging in conduct in bad faith, at least for purposes of raising it as an affirmative defense.  *See Radiancy, Inc. v. Viatek Consumer Prod. Grp., Inc.*, 138 F. Supp. 3d 303, 319 (S.D.N.Y. 2014), *as amended* (Apr. 1, 2014) (denying motion to strike an affirmative defense after the defendant alleged that the plaintiff is engaging in the same conduct of which it is accusing the defendant); *cf. LPD New York, LLC*, 2022 WL 4450999, at *24.

Therefore, the Court respectfully recommends that Plaintiff's Motion to Strike the Eleventh Affirmative Defense be **DENIED**.

IV. **Defendant's Thirteenth Affirmative Defense**

Defendant, in its Thirteenth Affirmative Defense and associated subparts, asserts that Plaintiff's claims are barred pursuant to Fla. Stat. § 817.234—Florida's Insurance Fraud Statute— which makes illegal any action intended to injure, defraud, or deceive any insurer by providing false and misleading statements.  Dkt. No. 25, at 9-10*; see also State Farm Mut. Auto. Ins. Co. v. Performance Orthopaedics & Neurosurgery, LLC*, 315 F. Supp. 3d 1291, 1299 (S.D. Fla. 2018).  Defendant asserts that Plaintiff violated the statute by "providing false and misleading information regarding his ownership of certain vehicles and intent to and reasons for purchasing certain

7

insurance policies in Florida." Dkt. No. 25, at 9.  Defendant alleges that Plaintiff acted fraudulently in providing misleading and false information "to illicit quick cash settlements where no valid cause of action existed." Dkt. No. 25, at 9-10.  Defendant also asserts that "Plaintiff's actions caused injury" and were committed "willfully and intentionally." *Id.*

Plaintiff's Motion argues that "nothing in the Complaint" indicates that he "was located in Florida during the call [he] received, thus making the statute inapplicable." Dkt. No. 26, at 2. Defendant, however, asserts that (i) Plaintiff "committed insurance fraud in violation of the applicable Florida statute" and that (ii) the statute is applicable because "the phone call at issue was made by a Florida business." Dkt. No. 27, at 2.  Defendant asserts that it "is not affirmatively counterclaiming against [Plaintiff] with these statutes, but instead merely claiming that [Plaintiff's] actions in violation of such statutes demonstrate his unclean hands and unethical actions such that he should not be rewarded with a judgment in this action." *Id.*  In his reply, Plaintiff states that "the conduct of which [Defendant] complains occurred after [Defendant] violated the statute." Dkt. No. 29.

Defendant sounds its Thirteenth Affirmative Defense in fraud.  "Affirmative defenses sounding in fraud must also meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b)." *Summerwind West Condominium Owners Association, Inc., Plaintiff, v. Mt Hawley Insurance Co. & Syndicate 1458 At Lloyd's of London, Defendants.*, No. 22-CV-3165 (JPC), 2023 WL 8307561, at *5 (S.D.N.Y. Dec. 1, 2023) (citing *Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17-CV-1007 (LTS) (BCM), 2021 WL 84308, at *5 (S.D.N.Y. Jan. 11, 2021)). Specifically, "Rule 9(b) requires that 'a party must state with particularity the circumstances constituting fraud' although '[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally.'" *Valentini v. Grp. Health Inc.*, No. 20-CV-9526 (JPC), 2021 WL

8

6113991, at *3 (S.D.N.Y. Dec. 27, 2021) (alteration in original) (quoting Fed. R. Civ. P. 9(b)), *aff'd*, 2023 WL 2027273 (2d Cir. 2023); *see also Sidman v. Concord Arena Parking, LLC*, No. 15-CV-7426 (CBA) (SJB), 2021 WL 7740041, at *9 (E.D.N.Y. Oct. 8, 2021), *report and recommendation adopted*, 2022 WL 912753 (E.D.N.Y. Mar. 29, 2022) (same); *cf. Edge Sys. LLC v. Cartessa Aesthetics, LLC*, 571 F. Supp. 3d 13, 21 (E.D.N.Y. 2021) ("Claims of unclean hands, absent allegations of fraud, are pled under the plausibility standard of Fed. R. Civ. P. 8. By contrast, claims of inequitable conduct must be plead under the heightened Fed. R. Civ. P. 9(b) standard, which requires that 'the circumstances constituting fraud or mistake . . . be stated with particularity.'").

Stated differently, in addition to meeting Rule 12's facial plausibility standard, Defendant must overcome two additional hurdles imposed by Rule 9—"the first goes to the pleading of the circumstances of the fraud, the second to the pleading of [Plaintiff's] mental state." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec.*, LLC, 797 F.3d 160, 171 (2d Cir. 2015). As to the circumstances of fraud, Defendants must (1) specify the purportedly fraudulent statement, (2) identify the speaker, (3) state where and when the statement was made, and (4) explain why the statement is fraudulent. *Eternity Glob. Master Fund Ltd. v. Morgan Guar. Tr. Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004). And as to Plaintiff's mental state, Defendant must allege facts "that give rise to a strong inference of fraudulent intent." *Lerner v. Fleet Bank*, N.A., 459 F.3d 273, 290-91 (2d Cir. 2006).

Here, Defendant fails to provide sufficient facts to support the heightened pleading standard for affirmative defenses sounding in fraud. Defendant argues that Plaintiff admitted to the statutory violations in the Complaint. Dkt. No. 25, at 9. Such admissions, per Defendant, concern the provision of "false and misleading information regarding [Plaintiff's] ownership of

9

certain vehicles and intent to and reasons for purchasing certain insurance policies in Florida." *Id.* But Paragraph 24 of the Complaint, which the Court understands to be the purported admission, hardly makes such a representation. *See* Dkt No. 1, ¶ 24 ("Upon the pressing of the '1' key on the telephone, [Plaintiff] spoke with three employees of [Defendant], each of whom asked for, and/or confirmed, information that [Plaintiff] provided to them regarding a vehicle for which [Plaintiff] expressed, in response to being questioned, an interest in purchasing a VSC").

At bottom, Fed. R. Civ. P. 9(b) requires a party to specify the statements it contends were fraudulent, identify the speaker, state where and when the statements were made, and explain why the statements were fraudulent. Defendant's Thirteenth Affirmative Defense fail to allege sufficient facts concerning the fraud alleged to have occurred. *See Trustees of Loc. 813 Ins. Tr. Fund v. Wilner's Livery Serv., Inc.*, No. 11-CV-3180 (DLI) (CLP), 2012 WL 4327070, at *5 (E.D.N.Y. Sept. 19, 2012) (granting in part and denying in part the defendant's affirmative defense alleging fraud pursuant to Fed. R. Civ. P. 9(b)); *Sidman*, 2021 WL 7740041, at *9 (striking as futile affirmative defenses that "do not identify the alleged fraud or any of its surrounding circumstances, the parties who committed the alleged fraud, or any explanation of why [the plaintiffs'] behavior was fraudulent."

As Defendant's Thirteenth Affirmative Defense is deficient, the Court respectfully recommends that Plaintiff's Motion to Strike the Thirteenth Affirmative Defense be **GRANTED**.

V. **Defendant's Fourteenth Affirmative Defense**

Similarly, Defendant's Fourteenth Affirmative Defense asserts that Plaintiff committed credit card fraud in violation of Fla. Stat. § 817.61. Dkt. No. 25, at 9. Defendant further claims that "Plaintiff admits in the Complaint that he violated Fla. Stat. § 817.61 by falsely and improperly providing his credit card for payment knowing he intended to cancel such transactions after

10

eliciting the issuance of the insurance policies." *Id.* The Complaint, however, makes no mention of the purported admission nor does Defendant point the Court to the purported admission.

For the reasons stated *supra* in Section IV, the Court respectfully recommends that Plaintiff's Motion to Strike the Fourteenth Affirmative Defense be **GRANTED**.

## VI. Defendant's Sixteenth Affirmative Defense

Defendant's Sixteenth Affirmative Defense asserts that "the putative class should not be certified because Plaintiff is not an adequate class representative as required by Fed. R. Civ. P. 23(a)(4) . . . [and] is conflicted because he purports to be class counsel." Dkt No. 25, at 10-11. Plaintiff moves to strike the Sixteenth Affirmative Defense on the basis that "the Complaint does not state that [Plaintiff] intend[s] to serve as class counsel in any event." Dkt. No. 26, at 3.

In response to a pleading, "a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). Rule 8(c) merely provides a non-exhaustive list of affirmative defenses. *See Pinks v. M&T Bank Corp.*, No. 13-CV-1730(LAK)(RLE), 2016 WL 6996161, at *2 (S.D.N.Y. Nov. 29, 2016) (citing *Brennan v. Roman Catholic Diocese of Syracuse of New York, Inc.*, 965 F. Supp. 2d 234, 246 (N.D.N.Y. 2013.)) "Generally, affirmative defenses fall into one of two categories: (1) 'those that admit the allegations of the complaint but suggest some other reason why there is no right to recovery,' and (2) 'those that concern allegations outside of the plaintiff's *prima facie* case that the defendant cannot raise by a simple denial of the answer.'" *Id.* (quoting *Bath & Body Works Brand Management, Inc. v. Summit Entertainment, LLC*, No. 11-CV-1594 (GBD) (JLC), 2013 WL 3479418, at *4 (S.D.N.Y. July 9, 2013)).

Defendant asserts its Sixteenth Affirmative Defense to "preserve its right to challenge" any future attempt by Plaintiff to serve as class counsel. Dkt. No. 27, at 3. Plaintiff brought this instant action individually and "on behalf of all other persons". Dkt. No. 1, at ¶¶ 4-5, 39. The Complaint

does indeed plead class-wide allegations; it asserts that Plaintiff's individual claims are both factually and legally typical of the putative claims of other class members while also asserting that Plaintiff would fairly and adequately protect the interests of other class members. *Id.* at ¶¶ 39-45.

It is well settled that a *pro se* plaintiff may not represent the interests of third parties. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Bank v. R & D Strategic Sols., LLC*, No. 12-CV-01368 (DLI) (VMS), 2013 WL 1171108, at *1 (E.D.N.Y. Mar. 20, 2013) (noting, in a case brought by the same plaintiff as in the instant action, that "[i]t is well settled that a *pro se* plaintiff may not represent the interests of third parties."). Additionally, "a *pro se* class representative cannot adequately represent the interests of other class members." *Rodriguez v. Eastman Kodak Co.*, 88 F. App'x 470, 471 (2d Cir. 2004) (citation and internal quotations omitted); *but see Steinberg v. Nationwide Mutual Insurance Company*, 224 F.R.D. 67, 75-76 (E.D.N.Y. 2004) (certifying a class where the plaintiff had commenced the action on a *pro se* basis, but subsequently retained counsel prior to moving for class certification).

Plaintiff has not yet moved for class certification, nor has Plaintiff indicated that he intends to seek appointment as counsel to the putative class. *See* Dkt. No. 27, at 3. Neither party points to authority in this Circuit requiring a court to strike an affirmative defense as premature. At this juncture, the Court declines to address Defendant's argument concerning the adequacy of representation requirement, as those arguments are more properly considered upon a motion for class certification under Fed. R. Civ. P. 23. *See Bank*, 2013 WL 1171108, at *1. Moreover, there are questions of fact and law that would allow this defense to succeed. *Perm-Star Ins. Co.*, 2022 WL 1085320, at *4; *Kelly*, 2023 WL 5831131, at *3.

Therefore, the Court respectfully recommends that Plaintiff's Motion to Strike the Sixteenth Affirmative Defense be **DENIED**.

## VII. Conclusion

Accordingly, the Court respectfully recommends that Plaintiff's Motion be granted in part and denied in part.

A copy of this Report and Recommendation is being electronically served on counsel. Any objections to this Report and Recommendation must be filed within 14 days after service of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Judge Donnelly. Failure to file objections within this period designating the particular issues to be reviewed waives the right to appeal the district court's order. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); *Kotlyarsky v. United States Dep't of Just.*, No. 22-2750, 2023 WL 7648618 (2d Cir. 2023); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    Brooklyn, New York
          December 29, 2023

                                                */s/ Joseph A. Marutollo*
                                              JOSEPH A. MARUTOLLO
                                              United States Magistrate Judge